JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar #7709
KIMBERLY SOKOLICH
Kimberly.Sokolich@usdoj.gov
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:21-cr-203-JCM (EJY) |
| Plaintiff, | ) |
| vs. | ) **Government's Response to Defendant's** |
| | ) **Sentencing Memorandum [ECF No. 69]** |
| PHILLIP BEASLEY, | ) |
| aka "Philthy Rich" | ) |
| Defendant. | ) |

Certification: This response is timely filed.

### I. Introduction

Defendant Phillip Beasley, a two-time convicted felon, directed his girlfriend and co-defendant, Jasmine Garcia, to illegally purchase three firearms and seven boxes of ammunition on his behalf. Beasley now asks this Court to give him the benefit of a significant downward variance — ignoring his repeated criminal conduct and prior non-custodial sentences — and sentence him to probation. To reflect the seriousness of the crime, afford adequate deterrence and just punishment, and protect the public from future offenses by Beasley, the government respectfully requests that the Court impose a sentence of 30 months imprisonment followed by three years of supervised release.

## II. Relevant Facts and Procedural Background

In January 2021, a federal firearms licensee ("FFL") contacted the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to report a suspicious firearm purchaser. PSR ¶ 8. According to the FFL, co-defendant Jasmine Garcia appeared to purchase multiple firearms at the direction of Phillip Beasley. *Id.* Video surveillance footage from January 14, 2021, captured Beasley selecting multiple firearms and pointing them out to Garcia, who then asked to purchase the guns Beasley selected. PSR ¶ 12–13.



Still from FFL surveillance video: Beasley selecting firearms

While completing the purchase, Garcia was required to fill out ATF Form 4473. PSR ¶ 9. At first, Garcia answered "No" to the question that asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" *Id.* The store clerk informed Garcia that she would not be allowed to purchase any firearms unless she was the actual purchaser. *Id.* Garcia then asked for a new form and changed her answer to "Yes." *Id.*

While Garcia was filling out the form, Beasley whispered in her ear and handed her a large amount of cash which she quickly tucked into her waistband. PSR ¶ 12. Garcia then used the cash to pay for two firearms and two boxes of ammunition. PSR ¶ 9, 12.



Still from FFL surveillance video: Beasley handing Garcia cash

Later that day, Beasley and Garcia returned to the FFL, this time accompanied by two unidentified adult males. PSR ¶ 10. *Once again,* Beasley, along with one of the unidentified males, selected a firearm and pointed it out to Garcia. PSR ¶ 13. Garcia then informed the store clerk that she wanted to add that firearm to her earlier purchase. *Id*. Garcia used cash, again provided by Beasley, to purchase the additional firearm and five boxes of ammunition. *Id*. In total, Garcia purchased three firearms, two of which had large capacity magazines, and seven boxes of ammunition at Beasley's direction. PSR ¶ 9–10.

On March 17, 2023, Beasley pleaded guilty, pursuant to a written plea agreement, to Count Two of the indictment, charging him with Aiding and Abetting False Statement During Purchase of a Firearm, in violation of 18 U.S.C. §922(a)(6) and 924(a)(2).[1] ECF No. 48. In the plea agreement, the government agreed to recommend a sentence at the low end of the advisory guideline range. ECF No. 50 at 10.  Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553. *Id*.

_____

[1] Co-defendant Garcia pleaded guilty on March 20, 2023. ECF No. 52. She is currently pending sentencing.

### III. Defendant's Objections to the PSR

Beasley raised several formal objections to the Presentence Investigation Report. ECF No. 68. In response, U.S. Probation issued an amended PSR which addressed most of the objections. Five objections remain outstanding. Importantly, none of the information Beasley objects to would enhance, reduce, or otherwise affect his guideline calculations.

Beasley objects to prior arrests and traffic offenses which did not result in conviction being included in the PSR. ECF No. 68 at 2–3. Under 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of a personal convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This information shows Beasley's lengthy and continuous contact with law enforcement and is appropriately included in the PSR.

The remaining objections are based on information Beasley provided to U.S. Probation. The government takes no position on these objections and leaves them to the Court's discretion.

### IV. Guideline Calculations

The presentence report correctly calculated a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B) as the offense involved a semiautomatic firearm equipped with a large capacity magazine and the defendant was a prohibited person when he committed the offense. PSR ¶ 26. A two-level enhancement is then applied in accordance with U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three firearms. PSR ¶ 27.

After a three-level reduction for acceptance of responsibility, the Total Adjusted Offense Level of 19 combined with defendant Beasley Criminal History Category I, yields an advisory guideline range of 30 – 37 months of imprisonment. PSR at 23.

**V. Discussion**

A.  *A 30-Month Sentence is Sufficient but Not Greater than Necessary to Further the Goals Sentencing Under 3553(a).*

The goal of sentencing is to "'impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). Among other factors, the Court should also consider: "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."18 U.S.C. § 3553(a).

Here, Beasley— a convicted felon prohibited from possessing firearms—directed his girlfriend to illegally purchase three firearms and seven boxes of ammunition on his behalf. Two of the firearms had large capacity magazines, capable of holding more than 15 rounds each.  Beasley's assertion that the fraudulent purchases were to fulfill a simple need for "personal security" belies the reality that he purchased multiple firearms with high-capacity magazines and the presence of the males who appeared to be purchasing through Beasley and his co-defendant. Beasley's and his co-defendant's actions had nothing to do with self-protection and everything to do with the proliferation of illegal obtained firearms in our community – firearms that end up on the hands of juveniles, gang members, felons, and persons with mental health issues who cannot otherwise legally obtain firearms. The government submits that a 30–month sentence is sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In particular, the requested sentence

reflects the seriousness of the offense, as well as the need to promote respect for the law, deter future criminal conduct, and provide just punishment.

In his request for a probationary sentence, Beasley claims that he is not at risk to recidivate and that he has had an "excellent track record" while on release. ECF No. 69 at 15 and 16.  Both claims are false. Beasley is no stranger to the criminal justice system.  He has two prior felony convictions and four misdemeanor convictions including drug, firearm, and domestic violence offenses. PSR ¶¶ 38 –46. Yet despite his persistent criminal conduct, Beasley has been repeatedly awarded lenient sentences.  Beasley's first felony conviction was for possessing cocaine for the purpose of sale. PSR ¶ 39. He was sentenced to 25 days in jail and five years' probation. While he was on probation for the drug offense, Beasley was arrested for Felon in Possession of a Firearm. PSR ¶ 41. He was again sentenced to probation. *Id*.

In 2018, Beasley was placed on nine months of "indirect supervision" for domestic battery. PSR ¶ 43. Most recently, and *while Beasley was on pretrial release for the instant offense,* he was charged with disorderly conduct after repeatedly beating his girlfriend's daughter with a belt leaving visible bruises. PSR ¶ 46. Again, Beasley's criminal behavior was awarded with leniency. He pleaded nolo contendere and ordered to stay out of trouble for six months. *Id*. His case was then dismissed. *Id*. [2]

As noted in the PSR, Beasley would have likely been a Criminal History Category III had it not been for the age of the offenses and their lenient sentences. PSR ¶ 104. Instead, Beasley is "fortunate" to be considered a Criminal History Category I. *Id*.

---

[2] Diversionary dispositions are still counted under U.S.S.G. §4A1.2, to reflect the policy that "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."

Now, Beasley again asks for a significant downward variance and yet another probationary sentence to give him the opportunity to remain in the community. But nothing about those prior non-custodial sentences deferred Beasley from committing the instant offense. His continuing criminal conduct, which is indicative of his propensity for firearms and violence, not only increases risk of gun-related violence in our community but shows a complete disrespect and disregard for the law put in place to protect those most vulnerable to gun violence. Certainly, it does not justify a probationary sentence in this case.

Based on the seriousness of the offense, Beasley's role in the offense, and his prior criminal history, the government submits that a 30-month sentence is sufficient but not greater than necessary to adequately further the goals of sentencing. Any further reduction would negate the seriousness of the offense and fail to provide deterrence or to protect the community from future crimes by Beasley.

*B. Supervised Release*

In terms of supervised release, the government requests a three-year term of supervision with the standard and special conditions recommended by the United States Probation Office. PSR at 24–25. The government submits that Beasley's chances of rehabilitation and success will be greatly improved —and any likelihood to re-offend will be significantly reduced— if he remains under supervision.

## VI. Conclusion

For the above stated reasons, the Court should impose a custodial sentence of 30 months followed by three years of supervised release.

DATED this 16 day of June 2023.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney


*/s/ Kimberly Sokolich*
KIMBERLY SOKOLICH
Assistant United States Attorney